THE BRENDONNE CORPORATION, PLAINTIFF, v. THE
BART CORPORATION, DEFENDANT.

Argued November 8, 1923—Decided February 19, 1924.

**Attachment—Entry of Judgment of Non Pros—Provisions of Practice Act and Consequences of Such Judgment Considered and Motion Denied.**

In attachment. On motion for leave to enter judgment of *non pros*.

Before Justices KALISCH and KATZENBACH.

For the plaintiff, *Charles Jones* (*Frank E. Bradner,* of counsel).

For the defendant, *Abraham Rudensey* (*Edwin G. Adams,* of counsel).

PER CURIAM.

This is a motion made on behalf of the defendant that a judgment be entered in the above suit. The motion is based upon the ground that the plaintiff has failed for more than a year to file a declaration or complaint.

On May 26th, 1921, the defendant was indebted to the plaintiff in the sum of approximately $1,100. On that day the plaintiff caused a writ of attachment to be issued. The defendant's personal property in this state was attached. The defendant desired its property released. Instead of giving a bond, under the Attachment act, there was deposited, by agreement with the sheriff of Essex county, in lieu of a bond, the sum of ·$1,200. On August 3d, 1921, the plaintiff's attorney was in the sheriff's office when he was informed by a deputy sheriff that the case had been settled and he was given a check for $1,203.50. The $3.50 was the balance of a deposit which had been left with the sheriff as security for the payment of a watchman necessary to be employed to guard the property attached. The $1,200 was the sum deposited by the defendant. The plaintiff's attorney then paid this sum of money, less a fee of $100, to the plaintiff.

On June 20th, 1921, an appearance was entered by the defendant in the attachment suit. On June 30th, 1921, there was filed a notice of appearance by the defendant with service thereof acknowledged by the plaintiff. The notice of appearance was in the usual form, notifying the plaintiff that the defendant was willing to accept service of a complaint in the suit at the time and in the manner provided by statute.

Under the Practice act of 1912 a complaint must be filed and served with the summons, but the attachment provisions of the 1903 Practice act are still in existence and provide

(section 89) that the issuance of a writ of attachment shall be the beginning of an action at law and "the plaintiff shall file his declaration within thirty days after the return day of the writ, and shall rule the defendant to plead thereto, which rule shall be served personally on the defendant, either in or without the state, or shall be served or published, as the court or judge may direct, and in default of a plea a judgment interlocutory may enter against the defendant, and the practice and procedure thereon and generally in the action shall be the same as though the action had been begun by summons, except as otherwise herein provided."

No complaint was filed by the plaintiff. It should have been filed by July 15th, 1921, which was within thirty days from the return day of the writ of attachment. The defendant now asks that the judgment of *non pros* be entered upon this state of facts. Section 100 of the Practice act of 1903 provides as follows: "If a party would take advantage of the failure of the adverse party to file any pleading within the time limited he shall do so before or. at the term next after such failure, and if he fail to do so it shall be considered as a waiver of his right and he shall not afterwards have such judgment, unless he shall rule the party to plead."

In *Wolf* v. *Stillman Co.,* 79 *N. J. L.* 284, it was held that this provision did not alter the rule which requires a declaration to be filed within a year. It is upon this decision the defendant relies. If, however, a judgment of *non pros* is entered the plaintiff may ultimately be deprived of the deposit which took the place of the lien upon the defendant's property attached.

Under the circumstances we think it unfair to grant a *non pros*. We will permit the plaintiff to file his complaint or declaration within thirty days from the filing of this opinion. The case can then proceed hereafter in its regular course. The defendant corporation has gone into bankruptcy, but the trustee in bankruptcy can be substituted as the defendant.

The motion to enter a judgment of *non pros* is denied.